IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PIERRE T. BASHALE, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-05-415-S-LRS |
| ) | |
| vs. ) | INITIAL REVIEW ORDER |
| ) | |
| DAWN SANCHEZ; CITY OF ) | |
| BOISE HOUSING, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether the Complaint is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff also filed a request for Leave to Proceed *in Forma Pauperis* (Docket No. 1). Having reviewed the record, the Court has determined that Plaintiff's Complaint is subject to dismissal because it sets forth legally frivolous claims. Based on the dismissal of the Complaint, the Court will deny Plaintiff's request for indigent filing status.

## BACKGROUND

    The Court is required to review prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

ORDER – 1

determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff has filed twelve civil rights action in the District of Idaho, all of which have been dismissed.  *See CV00-695-S-EJL; CV01-242-S-BLW; CV01-243-S-MHW; CV01-248-S-LMB; CV01-359-S-MHW; CV01-360-S-MHW; CV02-315-S-EJL; CV02-316-S-EJL; CV02-317-S-BLW; CV02-318-S-LMB; CV01-148-S-BLW; CV01-446-S-MHW.*   Plaintiff has also failed to follow the Court's directives in the previous lawsuits relating to the filing of amended complaints and change of address information.

The Court has reviewed the allegations in the present Complaint, and it has determined that the allegations set forth legally frivolous claims.  Plaintiff names Boise City Housing as a Defendant in his Section 1983 claim.  *Complaint, Docket*

ORDER – 2

*No. 3*.  He previously sued Boise City Housing in case number CV01-359-S-MHW, and the case was dismissed for failure to state claims upon which relief could be granted.  The present Complaint does not contain any allegations stating how the actions of Boise City Housing violated Plaintiff's civil rights, and therefore, the claim against this entity is legally deficient.

The Complaint also names Dawn Sanchez. a property manager, as a Defendant in this action.  It is unclear whether she works for Boise City Housing.  The Court has advised Plaintiff that he may not sue a private citizen for an alleged civil rights violation arising out a landlord tenant relationship.  *See CV01-242-S-BLW, Docket No. 6*; *CV01-360-S-MHW, Docket No. 7; CV01-359-S-MHW, Docket No. 8.*[1]

The Complaint describes the constitutional claim as follows: "I assume that my tenant rights as payee were previously violated by same defendant's agents." *Complaint*, p. 3.  Plaintiff appears to be complaining that Sanchez would not accept a housing voucher and that he was evicted from an apartment.  Plaintiff claims that he filed a complaint with the Idaho Human Rights Commission, but it is unclear

---

[1] Plaintiff has failed to allege that Defendant is a state actor.  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.1991) (private parties are not generally acting under color of state law).

ORDER – 3

whether an investigation was conducted.  *Id*., p. 4.   These conclusory allegations in the Complaint fail to state a cognizable constitutional claim, and therefore, the action will be dismissed without prejudice.

Plaintiff has a pattern of suing landlords who have evicted him.  *See CV01-242-S-BLW; CV01-359-S-BLW; CV01-360-S-MHW; CV05-481-S-BLW*.  In the future, if Plaintiff believes he is the object of housing discrimination, he is advised to contact Idaho Legal Aid Services in order to obtain legal advice regarding his rights as a tenant.  The Ada County Court Assistance Office also has publications outlining tenant's rights.

Based on the foregoing, the Complaint will be dismissed, and Plaintiff's request for indigent filing status is deemed moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Complaint shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

IT IS FURTHER HEREBY ORDERED that Plaintiff's Application for

Leave to Proceed *in Forma Pauperis* (Docket No. 1) is MOOT.



DATED: **November 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

ORDER – 5